SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**PARAKRAM SINGH, OSB #134871**
Assistant United States Attorney
Parakram.Singh@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:14-CR-00252-IM |
| v. | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TERMINATE SUPERVISION |
| DAVID ANTHONY FABOO, | |
| Defendant. | |

The United States of America, through SCOTT ERIK ASPHAUG, Acting United States Attorney for the District of Oregon, and Parakram Singh, Assistant United States Attorney, responds as follows in opposition to defendant's motion for early termination of his supervised release.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Early 2008, defendant, who was then residing in Oregon, developed a sexual interest in a 16-year-old girl he met through an online videogame. (PSR ¶¶ 10). Faboo developed their relationship and persuaded her to leave her family and run away with him. *Id*. Faboo and the victim discussed intimate and sexual contact during their several chat conversations. *Id*. On the

night of February 23, 2008, David Faboo, then 37 years old, drove from Oregon to Wheatland, California. There he took the minor victim from her family's home, while fully aware that she was only 16 years old. *Id*. It is indisputable that Faboo intended to have sex with the 16-year-old minor victim.

On October 19, 2010, pursuant to plea negotiations with the government, Faboo pleaded guilty in the Eastern District of California to an information charging him with one count of possession of Enticing Interstate Travel with Intent to Engage in Illegal Sexual Act, in violation of 18 U.S.C. § 2422A(a) (PSR ¶ 1). A presentence report was ordered and prepared. The report calculated a total offense level of 27, a criminal history category of I, and an advisory sentencing range of 70-87 months (PSR ¶¶ 26, 29). On January 4, 2011, U.S. District Judge Lawrence K. Carlton imposed a guidelines sentence of 78 months' imprisonment, followed by a 180-month term of supervised release.

Faboo's term of supervised release began in October 2013. In June 2014, jurisdiction over his supervision was transferred to this district. Faboo seeks early termination, having served approximately half of his supervised release, on the grounds that he has been largely compliant and no longer in need of supervision. The government and U.S. Probation oppose this request.

## II.     DISCUSSION

### A.     *The Applicable Legal Standard.*

Under 18 U.S.C. § 3583(e)(1), the Court may, "at any time after the expiration of one year of supervised release," and after considering several of the § 3553(a) sentencing factors, "terminate a term of supervised release and discharge the defendant" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The § 3553(a) factors the Court must consider include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the

**Government's Response to Defendant's Motion to Terminate Supervision                    Page 2**

need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or correctional treatment; the types of sentences available under the Sentencing Guidelines; applicable guidelines policy statements; the need to avoid unwarranted sentence disparities among similarly situated defendants; and (where applicable) the need the provide restitution to any victims of the offense.  18 U.S.C. § 3583(e).[1]

Section 3583(e) "gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  This Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*.  Such a decision is reviewed for an abuse of discretion. *Id*.

As a general principle of federal sentencing law, district courts "have a duty to explain their sentencing decisions." *Id*. at 820.  That duty extends to requests for early termination of supervised release.  *Id*.  What constitutes a sufficient explanation "will necessarily vary depending on the complexity of the particular case." *Id*. at 821 (internal quotation marks and citation omitted).  However, the explanation "must be sufficiently detailed to permit meaningful appellate review, and it must state the court's reasons for rejecting nonfrivolous arguments." *Id*. (internal quotation marks omitted).

A district court "need not give an elaborate explanation of its reasons" for accepting or rejecting a defendant's arguments, and "need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them." *Id*. at 821-22 (bracketed material in original; internal quotation marks and citation omitted).  The record as a whole must contain "an explanation that would

---

[1] Although § 3583(e) allows for termination of supervised release after only one year of supervision, § 3583(k) requires a term of supervised release of at least five years for the offense of conviction in this case.  Defendant has been on supervised release for over five years.

permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." *Id.* at 822.

### B.     Application to This Case.

Counsel for the government has consulted with the U.S. Attorney's Office for the Eastern District of California about defendant's request to end his term of supervised release. That office opposes early termination in this case. The U.S. Attorney's Office for this district opposes early termination as well.

Defendant's offense conduct is highly troubling. During his several chat sessions, Faboo confirmed his knowledge of the fact that the victim was a minor. (PSR ¶¶ 10). Prior to driving all night to get to Wheatland, California, Faboo was warned against his plans by his roommate. Faboo was not dissuaded and told the roommate that he didn't care if he went to jail. (PSR ¶¶ 11).

Faboo inflicted a great deal of trauma on the victim and her family. Faboo engaged in surreptitious communications with the victim. Finally, he snuck into Wheatland in the dead of night. He understood the gravity of taking her from her home because he understood he could go to jail. Yet he took her anyway. When the victim had second thoughts about eloping, Faboo did not stop. He contacted his roommate and asked him to watch the news that night. Faboo was stopped by Oregon State Police troopers near Grants Pass, Oregon and a search of the vehicle demonstrated Faboo's sexual intent. In the back of his truck, Faboo had set up a bed. Under that bed, investigators located condoms, sex toys, sexual lubricant, a heart shaped box of chocolates, and a wedding ring (PSR ¶¶ 12, 13).

According to the presentence report, defendant detailed a history of physical and emotional abuse as a child. (PSR ¶¶ 32-34). A psychological evaluation noted some malingering in his symptoms of mental illness, however, the doctor noted that the defendant appears to have a history

of psychiatric problems. The doctor did conclude a diagnosis of Asperger's Syndrome for Faboo as well. (PSR ¶ 41, 43).

The probation officer has advised the government that Faboo has been compliant with the conditions of his supervised release, has maintained employment, completed treatment, and has done well to reintegrate into the community. While commendable, his progress is not sufficient to warrant early termination. Defendants are expected to comply with the terms of their supervised release and there are penalties for noncompliance.

Section 3583(e)(1) further requires that early termination be "in the interest of justice." The government does not believe the interest of justice warrants early termination in this case. Like the U.S. Probation Office, the government believes the interest of justice requires that Faboo complete his fifteen-year term of supervision, due to the severity of the instant offense.

### III.   CONCLUSION

While this Court has the discretion to terminate defendant's life term of supervised release, it should not do so. Defendant's motion to terminate supervised release should be denied.

DATED this 17th day of June 2021.

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Parakram Singh*
PARAKRAM SINGH, OSB #134871
Assistant United States Attorney
